WILLIAM HUGHES *vs.* ANN HUGHES AND THOMAS HUGHES.

Androscoggin County. Decided February 16, 1911. Assumpsit for money had and received to recover the sum of $1800, alleged to have been taken from the plaintiff by the defendants. Verdict for plaintiff for the full amount. Defendants filed a general motion for a new trial. The rescript states as follows: "The facts, as substantially stated by the plaintiff show that he had the sum of $1800 in an old coat in the cellar under his mother's house, in which he occupied a room. It is claimed by him that $1500, in one hundred dollar packages, was in one pocket of the old coat, and $300, in one hundred dollar packages, was in another pocket of the coat; that this coat among other old coats and other articles of wearing apparel was hung on the wall in the cellar of the building, where the plaintiff was accustomed to do cobbling and where he had many different articles of second-hand merchandise; that the last time he saw the coat was on Thursday before the Fourth of July, 1909; that he went to the cellar for the purpose of fixing his shoes; and that he first discovered that the coat was gone on Wednesday following the Fourth of July. He claimed that his mother had taken the money and she claimed to him that she had sold the coat to a Jew.

"A careful reading of the testimony discloses no motive whatever on the part of the mother inducing her to take the money, no evidence whatever that the brother was concerned in taking it, and only

a suspicion against the mother, which is based upon the fact that when charged she made some conversation with a witness with reference to a compromise with the plaintiff and did some acts with reference to executing it. But whatever the force of this testimony, it is utterly insufficient to overcome the lack of motive on the part of the mother and brother, their relation to the plaintiff which is inconsistent with such an act, and the overwhelming improbability of the plaintiff's own story. The plaintiff's claim of having left $1800 in the pockets of an old coat hanging upon the wall of a cellar exposed to entrance not only to the inmates of the house but to people from outside, is so inconsistent with the experience of human events that we are unable to believe that such a state of affairs could have existed. The situation described is so repugnant to the claim of probability that it is beyond conception. Motion sustained." *Newell & Skelton,* for plaintiff. *McGillicuddy & Morey,* for defendants.